**Yitzchak Zelman, Esq.,**
**MARCUS & ZELMAN, LLC**
**701 Cookman Avenue, Suite 300**
**Asbury Park, New Jersey 07712**
**Tel:  (732) 695-3282**
**Fax: (732) 298-6256**
**Email: yzelman@marcuszelman.com**
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Henry Samson,<br><br>　　　　　Plaintiff,<br><br>　　　　　-v-<br><br>Trans Union, LLC, and IQ Data International, Inc.,<br><br>　　　　　Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.　Plaintiff, Henry Samson, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Trans Union, LLC ("Trans Union") and IQ Data International, Inc. ("IQ Data") negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2.　Plaintiff further alleges that Defendant Trans Union failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to conduct reasonable investigations in response to Plaintiff's disputes.

3.　Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and

declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff, Henry Samson ("Plaintiff"), is a resident of Glendale, Arizona and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Trans Union, LLC ("Trans Union") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Trans Union is a limited liability company with its headquarters located at 555 West Adams Street, Chicago, Illinois 60661.

9. Defendant IQ Data, International, Inc. ("IQ Data") is a national debt collector with its headquarters located in Bothell, Washington.

## FACTUAL ALLEGATIONS

10. This case relates to the reporting of an inaccurate collections account with Defendant IQ Data for an apartment in which Plaintiff never lived, nor was ever on lease.

11. In or around May of 2023, Plaintiff's applied to be added to his relative Vanessa Samson's apartment lease with Zinc Apartments AZ ("Zinc"), at 2005 N 103rd Ave, Unit G-7301, Avondale AZ. However, Plaintiff was informed by Zinc that he was *denied*, and so he continued to

live in his then current housing until November of 2023.

12. Despite this, Plaintiff discovered that Trans Union was reporting a debt account with IQ Data on his consumer report, listed as a joint account with Vanessa Samson stemming from the Zinc apartment, including an unpaid collections balance.

13. This reporting is patently inaccurate because Plaintiff was denied by Zinc and never added to the lease. In fact, when Plaintiff contacted Zinc to request a copy of the lease to confirm as much, they expressly indicated that they would not be able to provide it to him because her was not on the lease agreement, and that his information was only retained in connection with his denied application.

14. Accordingly, on or about April 8, 2024, Plaintiff sent disputes regarding the inaccurate IQ Data account via certified mail to the CRAs, including Trans Union, specifically indicating that has had never been on this lease, that Zinc had confirmed as much, and that this information should be corrected and/or removed.

15. Upon information and belief, IQ Data was notified by Trans Union of Plaintiff's disputes.

16. Following receipt of Plaintiff's dispute, Trans Union refused to investigate, correct or remove the inaccurate account information from the Plaintiff's credit file.  Instead, that information is still being reported to this day.

17. Upon information and belief, Trans Union had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

18. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681e and 1681i of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

19. Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

20. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

21. As a direct and proximate result of the Defendants' willful and/or negligent refusal to maintain reasonable procedures to ensure maximal accuracy as mandated by the FCRA, Plaintiff has been harmed in his daily life, by the impact that this derogatory information has had on his credit score and the defamatory harm that Plaintiff has suffered as a result of having this negative information disseminated to creditors. For example, Plaintiff has been denied credit due to these derogatory inaccuracies.

22. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

## COUNT I
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST TRANS UNION

23. All preceding paragraphs are re-alleged.

24. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

25. Were Trans Union to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate IQ Data account information being reported on the Plaintiff's credit report, especially after Plaintiff disputed this information and provided documentation showing it was inaccurate.

26. As a direct and proximate result of Trans Union's willful and/or negligent failure to

follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANS UNION

27. All preceding paragraphs are realleged.

28. At all times pertinent hereto, Trans Union was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

29. The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file*** in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

30. On or about April 8, 2024, the Plaintiff initiated a dispute with Trans Union requesting that they correct and remove the specific inaccurate items in his credit file that were patently inaccurate and damaging to him, including the inaccurate IQ Data account. Plaintiff provided information and documentation showing he was never on this lease and was not jointly responsible for this debt.

31. However, Defendant Trans Union never adequately investigated the Plaintiff's disputes, as required by the FCRA.

32. Instead, Trans Union, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

33. As a direct and proximate result of Trans Union's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT III**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681s-2b**
**AGAINST IQ DATA**

34. All preceding paragraphs are re-alleged.

35. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

36. On or about April of 2022, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by IQ Data.

37. Upon information and belief, IQ Data received notice of these disputes from the credit bureaus.

38. IQ Data was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

39. Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, IQ Data refused to conduct a reasonable investigation and continued inaccurately reporting the inaccurate account information on Plaintiff's credit reports.

40. IQ Data's conduct violated section 1681s-2(b) of the FCRA.

41. As a result of IQ Data's conduct, Plaintiff was harmed, as discussed above.

**DEMAND FOR TRIAL BY JURY**

42. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 20, 2024

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*

COMPLAINT